IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MICHAEL D. STINE,

Petitioner,

vs.

BRAD JOHNSON, ADF - Director; and THOMAS ZIMMERMAN, Presiding Judge, County Court;

Respondents.

**8:26CV651**

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Michael D. Stine's ("Stine") Petition for Writ of Habeas Corpus. Filing No. 1. Stine submitted his petition using the Form AO 241 "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody." *See* Filing No. 1 at 1. Section 2254 confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody *pursuant to the judgment* of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Stine's petition indicates criminal proceedings are currently pending against him in the Lancaster County Court in CR26-10923 and he has not yet entered a plea nor has he been convicted. Filing No. 1 at 1, 5. Because no judgment has been entered against Stine, the Court will construe his petition as one brought pursuant to 28 U.S.C. § 2241, which authorizes federal district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or

treaties of the United States. 28 U.S.C. § 2241(c)(3). Upon initial review of the petition,[1] the Court will dismiss the petition without prejudice.

## I. BACKGROUND

Stine is a pretrial detainee confined in the Lancaster County Jail pursuant to pending criminal proceedings in the Lancaster County Court at case number CR26-10923. Condensed and summarized, Stine alleges violations of his due process and equal protection rights, his right against unreasonable search and seizure, his right to be free from excessive bail, and his right to the effective assistance of counsel. Stine claims he was arrested without an arrest warrant, he is illegally detained, and he is subjected to "invidious discrimination with malice [which] has a prejudicial effect . . . along with an excessive bail." Filing No. 1 at 10.

Stine's state court records, available to this Court online,[2] show the State filed a complaint on October 6, 2026, charging Stine with a sex offender registration act violation, a Class 3A felony. The affidavit of probable cause filed simultaneously with the complaint indicates Stine's charge arose out of a traffic stop in the early hours of October 6, 2026, in which the arresting officer recognized Stine as one of the vehicle's passengers and knew he had absconded from his Nebraska Sex Offender Registry. At his October 6 arraignment, the county court appointed the public defender to represent Stine, found

---

[1] The Court conducts this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the Court to apply Rule 4 of those rules to a section 2241 action.

[2] The Court takes judicial notice of the state court records related to this case in *State v. Michael D. Stine*, Case No. CR26-10923, County Court of Lancaster County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

probable cause for Stine's detention, and set his bond at $35,000 ten percent. Stine filed a motion for bond review, and the county court held a hearing on October 14 and reduced his bond to $25,000 ten percent. Recently on October 26, Stine filed another motion for bond review, which is set for hearing on October 29, 2026. Stine's criminal case is also set for docket call on November 10, 2026.

## II. DISCUSSION

Federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though a prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981) (internal quotation omitted); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973) ("[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."). "Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) (citing cases).

Abstention here is appropriate because Stine is involved with ongoing state criminal proceedings and his allegations and state court records do not show that he exhausted his state court remedies. *See Hampton v. City of St. Louis*, No. 4:20-CV-966-CDP, 2020 WL 5411210, at *4–5 (E.D. Mo. Sept. 9, 2020) (dismissing excessive bail

claims raised pursuant to § 2241 for failure to exhaust). For instance, to the extent Stine challenges the county court's decisions regarding the setting of his bond, "the appropriate form of relief from denial of a motion to reduce bail claimed to be excessive is by habeas corpus" in the state court. *State v. Kula*, 579 N.W.2d 541, 550 (Neb. 1998); *see also* *Kennedy v. Corrigan*, 100 N.W.2d 550 (Neb. 1960) (Where bail in a criminal prosecution has been fixed and a request to a district court for reduction has been denied, defendant may resort to habeas corpus to review discretion of the district court and is not limited to remedy of appeal from ruling of the district court.).

The Court further finds that Stine's alleged grounds for relief do not constitute "special" or "extraordinary" circumstances that require intervention by the Court. *See, e.g.*, *Benson v. Superior Court Dept. of Trial Court of Mass.*, 663 F.2d 355 (1st Cir. 1981) (the specific double jeopardy claim alleged was not extraordinary given the lack of exhaustion); *Howell v. Childrey*, No. 4:19-CV-174, 2019 WL 1207867, at *3–4 (E.D. Mo. Mar. 14, 2019), *reconsideration denied*, No. 4:19-CV-174, 2019 WL 1993788 (E.D. Mo. May 6, 2019) (concluding petitioner failed to establish any "special circumstances" that would allow him to avoid the exhaustion requirement where petitioner failed to have his bond conditions reviewed by Missouri's appellate courts pursuant to Missouri's Supreme Court Rules). Because it "plainly appears from the petition . . . that [Stine] is not entitled to relief," *see* Rule 4 of the *Rules Governing Habeas Corpus Cases*, the Court will dismiss the petition without prejudice.

Because "the detention complained of arises from process issued by a state court," Stine must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); *see also* *Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of

courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court has applied the appropriate standard and determined that Stine is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus, Filing No. 1, is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. The Court will enter judgment by separate document.

3. The Clerk of Court is directed to update the docket to change this case's Cause of Action designation to a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus.

Dated this 28th day of October, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge